UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-22969-CIV-MARTINEZ/BANDSTRA

PAN AMERICAN LIFE INSURANCE
COMPANY OF AMERICA,

    Plaintiff,

vs.

STEFANO TASSINARI PINTO, CAPRICE
ANNA TASSINARI SUAREZ, ANNA ELISA
TASSINARI PINTO AND VITTORIO
TASSINARI ECHEVARRIA,

    Defendants.
_____/

STEFANO TASSINARI PINTO and
ANNA ELSA TASSINARI PINTO,

    Cross-Claimants,

vs.

CAPRICE ANNA TASSINARI SUAREZ AND
VITTORIO TASSINARI ECHEVERRIA,

    Cross-Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Defendants/Cross-Claimants Stefano Tassinari Pinto and Anna Elisa Tassinari Pinto Renewed Verified Motion for Attorney's Fees and Costs or in the Alternative to Amend Final Default Judgment Against [Vittorio] Tassinari Echeverria (D.E. 94) filed on December 31, 2007. On January 7, 2008, this motion was

referred to the undersigned for all necessary and proper action by the Honorable Jose E. Martinez pursuant to 28 U.S.C. §636(b). On March 5, 2008, the undersigned ordered Stefano Tassinari Pinto and Anna Elisa Tassinari Pinto (hereinafter "cross-claimants" to provide proof of service of this motion on Vittorio Tassinari Eccheverria, a citizen and resident of Guatemala City, Guatamala. On March 6, 2008, cross-claimants provided proof of service by hand-delivery in Guatemala on February 25, 2008. Respondent, Vittorio Tassinari Echevarria, has filed no response to this motion.

Reviewing this motion, the procedural history of this case and applicable law, the undersigned recommends that cross-claimants' renewed motion for fees and costs be GRANTED with an award of attorneys' fees in the amount of $13,514.00 and costs in the amount of $3,015.87 to be taxed against respondent, Vittorio Tassinari-Echeverria, together with applicable interest, for reasons explained below.

## **PROCEDURAL HISTORY**

On November 18, 2005, Pan American Life Insurance Company of America ("Pan American"), filed a Complaint for Interpleader, to determine the rightful distribution of a $150,000 life insurance policy of its insured, Angelo Stefano Tassinari Miccichi (the "decedent"), following his death on March 23, 2005. The interpleader complaint alleged, *inter alia*, that the decedent had originally designated Stefano Tassinari Pinto ("Stefano") and Anna Elisa Tassinari Pinto ("Anna") collectively ("cross-claimants") as his co-primary beneficiaries under the life insurance policy. On March 21, 2005, decedent allegedly executed a change of beneficiary form ("change form") purporting to change his designated beneficiaries to include Caprice Anna Tassinari-Pinto ("Caprice"), a daughter

of decedent, and Vittorio Tassinari-Echevarria ("Vittorio" or "respondent"), a nephew, to receive 80% of the insurance benefit. Following a challenge to the validity of the change form, Pan-American[1] filed this interpleader action to determine the correct disbursement of the disputed benefits.

Essentially, cross-claimants, Stefano and Anna Tassinari challenged the validity of the purported beneficiary change form based on decedent's poor health, state of mind and lack of legal capacity to exercise the change form just two days before his death. The cross-claimants alleged, *inter alia*, that their father was admitted into the intensive care unit of a hospital in Guatemala City on March 20, 1985, with a diagnosis of Colongncarcinoma, and with instructions by his physician that he receive no visits from anyone except Stefano and Anna Tassinari. Cross-claimants sought a declaratory judgment of their rights and interest under the insurance policy, together with a judicial declaration that the change form was invalid and a nullity as a result of forgery by Vittorio Tassinari Echeverria of decedent's signature on the change form. Cross-Claimants specifically alleged that Vittorio had engaged in a "pattern of two or more forgeries of decedent's signature," resulting in then pending criminal charges against Vittorio in Guatemala City. Cross-claimants further alleged that an attesting notary to the beneficiary change form, Jose Waldemar Lopez Gomez, an attorney in Guatemala City, could not and did not have access to their decedent father on March 21, 2005, as stated on the change form.

Respondent, Vittorio Tassinari Echeverria, filed no answer or response to the

---

[1]On July 25, 2007, Pan American Life Insurance Company advised that the proper plaintiff in this case is Pan American Assurance Company. No Court Order was ever entered correcting the name of plaintiff in this case.

3

Interpleader Complaint or the cross-claim by Stefano and Anna Tassinari. As a result, a final default judgment was entered against him on September 5, 2007. Caprice Anna Tassinari Suarez did answer the interpleader complaint essentially stating that she was without sufficient knowledge to admit or deny its allegations including charges of fraud and forgery by Vittorio Tassinari Echevarria.

Meanwhile, cross-claimants engaged in extensive and costly efforts to serve process on Vittorio Tassinari Echevarria in Guatemala City, and to establish his forgery of signatures on the change form. Most importantly, cross-claimants, through their attorney Alejandro Zamora, were able to obtain proof that Jose Waldemar Lopez Gomez, the attorney in Guatemala who allegedly notarized the change form, did not know the decedent, did not witness a change of beneficiaries by decedent, and did not sign the change form. Mr. Lopez Gomez stated, in a letter to Mr. Zamora, that he had reported the forgery of his professional seal and signature to Guatemalan authorities.

On July 2, 2007, cross-claimants, Stefano and Anna Tassinari, filed a motion for final summary judgment against Caprice and Vittorio based on uncontroverted proof of the forgery of signatures on the change form. Cross-claimants motion relied, in large part, on the affidavit of Jose Valdimar Lopez Gomez, the Guatemalan attorney whose name appeared on the form, who attested that he did not sign, notarize or seal the form; and that his purported signature was a forgery. Cross-defendant Caprice Tassinari Suarez filed a notice of non-opposition to the motion for summary judgment, and cross-defendant Vittorio

Tassinari-Echeverria filed no response whatsoever.[2]

On September 5, 2007, this Court entered Final Default Judgment (D.E. 84) against Vittorio Tassinari Echevarria finding, *inter alia*, that the beneficiary change form dated March 21, 2005, which purported to name him as a beneficiary, was a forgery and falsification so that Vittorio was not entitled to receive any proceeds of the insurance policy at issue. Final Default Judgment (D.E. 84), ¶ 2. The Court also awarded cross-claimants attorneys' fees in the amount of $11,914.00, and costs in the amount of $3,016.00, based on the affidavit of Stefano Tassinari and billing statements from his attorney. See Affidavit of Stefano Tassinari Pinto (D.E. 78) filed on August 22, 2007.

On September 6, 2007, the Court also entered an Order granting, in part, cross-claimants motion for summary judgment against Caprice Anna Tassinari Suarez again finding that the change form was a forgery and fabrication. See Order (D.E. 85), page 4, ¶ 2. The Court reserved judgment to further consider cross-claimants' request for attorneys' fees and costs.

On October 26, 2007, cross-claimants filed a verified motion for attorneys' fees and costs (D.E. 91) pursuant to the September 6 Court Order reserving jurisdiction on fees and costs. In their verified motion, cross-claimants sought an additional attorneys' fee of $1,600.00 for services rendered after August 14, 2007. In addition, cross-claimants

---

[2] Cross-claimaints' attorney, Alejandro Zamora, has advised the Court in several pleadings that he has personally spoken to Vittorio Tassinari Echeverria during telephone calls to Guatemala City, and that Vittorio has advised that he has knowledge of these proceedings but intends to file no response or pursue any claims. See, e.g., Cross-Claimants Motion for Final Default Judgment, (D.E. 78), ¶ 8, filed on August 22, 2007.

appeared to request that Pan-American's attorneys' fees and costs, in the amount of $17,500, be awarded against Vittorio Tassinari Echeverria rather than against the interpleader fund as previously ordered by the Court.

On December 21, 2007, the court denied cross-claimants' motion for additional attorneys' fees and costs and vacated the amounts previously awarded on September 5, 2007. In so ruling, the Court noted the general rule that "unless Congress provide otherwise, parties are to bear their own attorney's fees." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1984). The Court further noted that neither the original motion for declaratory judgment nor the later motion for additional attorneys' fees and costs provided a basis for awarding attorneys' fees or costs to cross-claimants in this case. The Court did allow cross-claimants to file a renewed motion for fees and costs explaining the legal basis for such awards, the nature of their costs, and why such fees and costs should be reimbursed in this case.

On December 31, 2007, cross-claimants filed the instant renewed motion for fees and costs.

## ANALYSIS

Cross-claimants, in their renewed verified motion for attorneys' fees and costs, seek attorneys' fees in the total amount of $13,514.00 and costs in the amount of $3,015.87, requesting that such amounts be taxed against Vittorio Tassinari Echevarria because of his fraudulent conduct in this case. In addition, cross-claimants seek an additional, $20,515.87, as fees and costs incurred by Pan American, requesting that this amount also

be taxed against Vittorio Tassinari Echevarria.[3]

## A. Entitlement

Reviewing their motion, the undersigned notes that in an interpleader action, costs and attorneys' fees are generally awarded, in the discretion of the court, to the plaintiff who initiates the interpleader as a mere disinterested stake holder. *Prudential Insurance Co. of America v. Boyd*, 781 F.2d 1494, 1497 (11th Cir. 1986). The award of costs and attorneys' fees is ordinarily imposed against the party who benefitted from the interpleader action. *Id.* (citing *Prudential-Bache Securities, Inc. v. Tranakos*, 593 F.Supp. 783, 785 (D. Georgia 1984)). The usual practice is to tax costs and fees against the interpleader fund, although the court may tax the losing claimant directly when his or her conduct justifies doing so. *Id.*; see also *Schimer Stevedoring Co., Ltd., v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 195 (9th Cir. 1962). Thus, courts have taxed attorneys' fees and costs directly against an unsuccessful claimant where a purported change in beneficiary constituted a fraud upon the rights of other intended beneficiaries. *Boyd, supra.* at 1498 (conduct constituting fraud upon the rights of intended beneficiaries justifying imposition of attorneys' fees and costs against losing claimant in an interpleader action must be substantiated by the record).

---

[3] Cross-claimants' request for fees and costs on behalf of Pan American is confusing and inconsistent with the previous Order of this Court awarding $17,500.00 to Pan American from the interpleader fund. Cross-claimants make no explanation for their request that such fees and costs be taxed against Vittorio Tassinari-Echeverria instead of from the interpleader fund as previously ordered by the Court. See October 26, 2007 Court Order disbursing funds from the Court Registry, (D.E. 90). Finding no basis for such a request, the undersigned recommends that it be denied and that Pan American's fees and costs, in the amount of $17,500, be disbursed as previously ordered from the interpleader fund.

Here, cross-claimants seek imposition of attorneys' fees and costs against Vittorio Tassinari Echeverria, the unsuccessful claimant, based upon his fraudulent misconduct in submitting a forged change of beneficiary form to the insurance company. The undersigned finds that Vittorio's conduct constituting fraud and forgery is based on clear evidence in the record of this case. Accordingly, the undersigned finds that an award of attorneys' fees and costs against Vittorio Tassinari Echeverria is justified under the above authority.

B. Amounts

Finding that cross-claimants are entitled to an award of fees and costs against Vittorio Tassinari Echeverria, the undersigned turns to the appropriate amounts. Regarding attorneys' fee s, cross-claimants have submitted the affidavit of Stefano Tassinari Pinto, attesting to damages incurred as a result of Vittorio's forgery and fraudulent conduct, as well as billing statements from their attorney, Alejandro A. Zamora, claiming attorneys' fees of $11,914.00 through August 22, 2007. Mr. Zamora later advises that cross-claimants incurred additional fees of $1,600.00 for a total fee of $13,514.00 for services rendered to date.

Reviewing the billing statements, the undersigned finds that Mr. Zamora worked approximately 68 hours on this case over the past two and one half years, charging cross-claimants $200.00 per hour for his services. Mr. Zamora coordinated his efforts, at times, with counsel for Pan American, and successfully defeated Vittorios' attempt to obtain insurance benefits from the decedent, through fraud and forgery. Reviewing Mr. Zamora's time entries and the difficulties he encountered in attempting to serve process on Vittorio

in Guatemala City, obtaining proof of Vittorio's deceitful acts, and his need to respond to numerous court orders and other responsibilities imposed by the Court, the undersigned finds that Mr. Zamora's fee was fair and reasonable under the circumstances. Thus, the undersigned recommends an award of attorney's fees for cross-claimants in the amount of $13,514.00 with appropriate interest, to be taxed against Vittorio Tassinari Echeverria.[3]

Cross-claimants' costs, in the amount of $3,015.87, are detailed in the renewed motion and consists of copying expenses, publication and other service of process fees in Guatemala, mailing and U.P.S. shipping charges, translation expenses, and long distance telephone calls. These costs are mostly recoverable under 28 U.S.C. §1920--and those not specifically provided for in the statute are awardable in this courts discretion under the above authority. The undersigned finds that these costs were necessarily incurred and are both fair and reasonable under the circumstances of this case. Therefore, the undersigned recommends that they, too, be taxed against Vittorio Tassinari Echeverria together with attorneys' fees as recommended above.

## **RECOMMENDATION**

For all of the foregoing reasons, the undersigned recommends that defendant-cross-claimants Stefano Tassinari Pinto and Ana Alisa Tassinari Pinto renewed verified

---

[3] The undersigned notes again that Vittorio Tassinari-Echeverria is a permanent resident of Guatemala City and is apparently facing criminal charges there for the same forgery as involved in this case. Thus, cross-claimants appear to face substantial hurdles in attempting to collect attorneys' fees and costs from Vittorio in Guatemala City. Nonetheless, the undersigned advises that this Court will not entertain any further request for fees and costs in this case which may relate to collection of same.

motions for attorney's fees and costs or in the alternative to amend final default judgment against Vittorio Tassinari Echeverria be GRANTED with an award of attorney's fees in the amount of $13,514.00 and costs in the amount of $3,015.87 to be taxed against Vittorio Tassinari Echeverria alone on account of his fraud and forgery in this case.

The parties may serve and file written objections to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge, within ten (10) days of receipt. See 28 U.S.C. §636(b)(1)(c); *United States v. Warren*, 687 F.2d 347 (11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983); and *Hardin v. Wainwright*, 678 F.2d 589 (5th Cir. Unit B 1982); *see also Thomas v. Arn*, 474 U.S. 140 (1985), *reh. denied*, 474 U.S. 1111 (1986).

RESPECTFULLY SUBMITTED in Miami, Florida, this _____ day of June, 2008.

Ted E. Bandstra
Chief United States Magistrate Judge

Copies furnished to:

Honorable Jose E. Martinez
All counsel of record